DA 07-0503

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 248

LEN WALLACE,

      Plaintiff and Appellant,

  v.

NORMAN HAYES, MAGTRAC BOLUS PARTNERSHIP,
GERALD HILL, LUCILLE HILL, JACK HEYNEMAN,
JOHN HEYNEMAN, RODNEY J. HAYES,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 2001-0882
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Bruce F. Fain, Murphy, Kirkpatrick & Fain, PLLP, Billings, Montana

      For Appellee:

            Tom Singer, Axilon Law Group, PLLC, Billings, Montana

Submitted on Briefs:  May 28, 2008

Decided:  July 15, 2008

Filed:

_____
                  Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Len Wallace (Wallace) appeals a post-judgment order of the Thirteenth Judicial District, Yellowstone County dated July 31, 2007. In this post-judgment order, the District Court adopted the report of a court-appointed receiver (Receiver's Report) which contained recommendations concerning the dissolution of MagTrac Bolus, LLC, (MagTrac) pursuant to an Amended Judgment issued by the District Court on August 3, 2004. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2    The instant appeal constitutes the third appearance of these parties before this Court. The facts giving rise to the current appeal date back to November of 1998, when MagTrac was initially formed by Norman Hayes (Norman) as a limited liability company in the state of Wyoming for the purpose of owning, developing and marketing intellectual properties and associated U.S. patents and products for radio frequency identification and temperature monitoring of livestock. At the time MagTrac was formed, Norman gifted his son Rodney J. Hayes (Rodney) 25% of the losses and profits generated by MagTrac. Wallace invested money in MagTrac in exchange for an ownership interest.

¶3    For reasons not relevant to the current appeal, things went south among Wallace, Rodney, Norman, and the other investors and owners of MagTrac. A dispute arose and was submitted to arbitration, leading to an arbitrator's award (Award) which was made final on December 23, 2003. The District Court then made the Award final and binding on the parties in an Amended Judgment on August 3, 2004. Although the Amended

Judgment addressed a number of issues not currently before us, it ordered in pertinent part that:

> MagTrac Bolus, LLC, shall have judgment against Plaintiff Len Wallace for nominal and exemplary damages in the combined amount of $2,500,000, plus interest on said judgment at the statutory rate of ten percent (10%) per annum, that amount to be applied first to all current debts and liabilities of MagTrac Bolus, LLC, including those that might reasonably be determined by the voting members to be obligations of the LLC to Wallace, and then distributed to the remaining members in proportion to their ownership and profit-sharing interest.

¶4 On July 19, 2006, the District Court appointed Jeffrey Mrachek (Mrachek) to act as a receiver to carry the Amended Judgment into effect. Mrachek was ordered to take all actions necessary to satisfy the Amended Judgment and use whatever means he deemed necessary in his professional judgment to do so. Mrachek issued his Receiver's Report on October 28, 2006, and the parties were given an opportunity to respond to its recommendations and findings. One of the issues which arose was whether Wallace would be considered a "remaining member" of MagTrac pursuant to the language quoted above from the Amended Judgment, and thus entitled to share in the award of $2.5 million dollars. Because Wallace had an ownership interest of roughly 72%, he would stand to receive a significant amount of the judgment award, even though it was he who was ordered to pay damages. Wallace argued that he was entitled to share in the distribution of the award pursuant to the recommendation in the Receiver's Report.

¶5 Another issue raised was whether the District Court could order the dissolution of MagTrac while there was the possibility of a patent infringement lawsuit being filed against MagTrac by a Mrs. Irene Linseth (Linseth) in South Dakota. Wallace asserted

3

that Linseth's claims necessitated that the District Court not dissolve MagTrac until either the claims were resolved, or until the statute of limitations for Linseth's claims had expired.

¶6 The 2007 post-judgment order took into account the objections and arguments of both parties and the contents of the Receiver's Report. The District Court addressed a number of issues which are not the subject of the current appeal. That portion of the post-judgment order relevant to the current appeal reads as follows:

> The next issue the Court must address is whether the Court should delay distribution of the judgment proceeds until Mrs. Linseth's potential claims have been resolved. The Court will not do so. No claim that the Court knows of has been asserted against the LLC by Linseth and there exists no reason to delay the distribution of the judgment.
>
> The final issue the Court must address is whether Wallace should be considered a "remaining member" in terms of the distribution of the judgment proceeds. This Court finds Wallace will be considered a "remaining member" who will benefit in the distribution of the LLC after it has been dissolved. However, Wallace will not share in the distribution of the $2.5 million punitive damage award. To allow Wallace to be a "remaining member" benefiting in the $2.5 million punitive damage award would allow him to profit from his own wrong.

¶7 Wallace now appeals the post-judgment order raising four issues on appeal. One of those issues concerns whether the District Court committed reversible error by allowing Mrachek to recover costs and attorney's fees in his effort to collect on the judgment against Wallace. Another issue concerns whether the District Court committed reversible error by ordering the dissolution of MagTrac while legal proceedings were pending in other jurisdictions. However, Norman and Rodney correctly point out that neither of these issues were raised before the District Court. We decline to address these

4

issues for the first time on appeal. *Stanton v. Wells Fargo Bank Mont., N.A.*, 2007 MT 22, ¶ 35, 335 Mont. 384, ¶ 35, 152 P.3d 115, ¶ 35. Thus, we restate the remaining issues as follows:

¶8 **Issue One:** *Did the District Court err in concluding that Wallace would not be allowed to share in the distribution of the $2.5 million judgment issued against him?*

¶9 **Issue Two:** *Did the District Court err in ordering the dissolution of MagTrac while Linseth's patent infringement claims are outstanding?*

## STANDARD OF REVIEW

¶10 A district court decision must be supported by appropriate findings of fact and conclusions of law. Findings of fact are reviewed under the clearly erroneous standard and conclusions of law are reviewed for correctness. *In re Charles M. Bair Family Trust*, 2008 MT 144, ¶ 28, 343 Mont. 138, ¶ 28, 183 P.3d 61, ¶ 28.

## DISCUSSION

¶11 **Issue One:** *Did the District Court err in concluding that Wallace would not be allowed to share in the distribution of the $2.5 million judgment issued against him?*

¶12 The post-judgment order concluded that Wallace was entitled to benefit in the distribution of the LLC after it has been dissolved, but would not be allowed to share in the $2.5 million judgment awarded against him. Wallace points out that the operating agreement forming MagTrac provided that distributions occur in the following order: (1) payment for all company liabilities to creditors other than members, as well as for liquidating expenses and obligations; (2) debts owing to members other than for capital and profits; (3) debts owing to members with respect to capital; and (4) debts owing to

5

members with respect to profits. Wallace notes that this distribution scheme is consistent with Wyoming law. Wyo. Stat. Ann. § 17-15-126. Wallace also observes that Wyoming law specifically provides that "[d]istributions of cash or other assets of a limited liability company shall be allocated among the members and among classes of members in the manner provided in the operating agreement." Wyo. Stat. Ann. § 17-15-119. Accordingly, Wallace argues that, because he has an ownership interest in MagTrac, he is entitled to share in the distribution of the $2.5 million judgment against him in proportion to his share of MagTrac, and that the District Court erred in concluding otherwise.

¶13 We disagree. The portion of the Amended Judgment cited above at ¶ 3, and the post-judgment order are controlling. As the Amended Judgment made clear, during the dissolution of MagTrac Wallace will be paid for any debts or liabilities owed to him by MagTrac. If a portion of the $2.5 million judgment must be used to satisfy those obligations, then the Amended Judgment and the post-judgment order allow this. However, after MagTrac's obligations have been satisfied—including those owed to Wallace—and its profits are to be distributed, Wallace may not receive any portion of the amounts remaining from the $2.5 million dollar judgment which was awarded against him. This was first established in the Amended Judgment in 2004 and Wallace failed to appeal the Amended Judgment in this regard in a timely manner when it was issued. Thus, we affirm the District Court.

¶14 **Issue Two:** *Did the District Court err in ordering the dissolution of MagTrac while Linseth's patent infringement claims are outstanding?*

¶15 Wallace argues the District Court erred in ordering the dissolution of MagTrac because Linseth had outstanding patent infringement claims against it which had not been resolved. However, Wallace has failed to present any evidence of pending litigation against MagTrac to the notice of either the District Court, or this Court on appeal. While Wallace raises the specter of litigation against MagTrac based on patent infringement claims from Linseth, he has failed to make any actual litigation a part of the record in this case as required under M. R. App. 8. We will not depart from the record before us. Thus, Wallace has failed to mount a credible challenge to the District Court's decision to dissolve MagTrac. Therefore, we affirm its decision.

## CONCLUSION

¶16 For these reasons, we affirm the District Court.

/S/ PATRICIA COTTER

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS