DA 08-0067

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 415N

LEN WALLACE,

      Plaintiff and Appellant,

  v.

NORMAN HAYES, MAGTRAC BOLUS PARTNERSHIP,
GERALD HILL, LUCILLE HILL, JACK HEYNEMAN,
JOHN HEYNEMAN, and RODNEY J. HAYES,

      Defendants and Appellees.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 2001-882
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Bruce F. Fain, Murphy, Kirkpatrick & Fain, PLLP, Billings, Montana

      For Appellees:

        Tom Singer, Axilon Law Group, PLLC, Billings, Montana

          Submitted on Briefs:  November 26, 2008

          Decided:  December 9, 2008

Filed:

          _____
                Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The parties have been before this Court in three previous appeals: *Wallace v. Hayes*, 2005 MT 253, 329 Mont. 23, 124 P.3d 110 (*Wallace I*); *Wallace v. Hayes*, 2007 MT 194N, 2007 WL 2306646 *(Wallace II)*; *Wallace v. Hayes*, 2008 MT 248, 344 Mont. 523, 191 P.3d 365 *(Wallace III)*. The facts surrounding this case are detailed in our three previous opinions and, in the interest of brevity, will not be repeated here.

¶3 As in *Wallace II* and *III*, the instant appeal involves a post-judgment order entered by the District Court following our decision in *Wallace I*. In that decision, we affirmed an amended judgment (the Judgment) confirming an arbitration award for $2.5 million in nominal and exemplary damages against Wallace. *Wallace I*, ¶¶ 22, 60.

¶4 Wallace's instant appeal is from the District Court's October 24, 2007 order denying a motion and objection which Wallace filed the preceding month. In his motion and objection, Wallace moved to lift the injunction that barred the parties from hindering enforcement of the Judgment. This injunction had been entered by the District Court on July 20, 2006, and was affirmed on appeal by this Court in *Wallace II*. Additionally, Wallace objected to the course of action adopted by the Receiver (for the MagTrac Bolus,

2

LLC (LLC)) to deal with the South Dakota litigation referred to in *Wallace III*. *See Wallace III*, ¶¶ 5, 15. The Receiver adopted a procedure for responding to an affidavit and application for order to show cause filed on August 24, 2007, by Irene Linseth in the South Dakota Circuit Court. Linseth's affidavit and application asked the South Dakota court to impose a constructive trust on any proceeds received on the LLC's judgment against Wallace, and order those proceeds to be paid to Linseth.

¶5     In response to Wallace's motion and objection, the Hayes Defendants filed counter-motions for modification of the court's July 20, 2006 injunction so as to expedite the conclusion of the Receiver's work and to collect the Judgment. These counter-motions also sought a different course of action to protect the assets of the LLC from the Linseth claims in South Dakota.

¶6     Following briefing and argument, the District Court rejected Wallace's motion and objection and granted the relief requested in the Hayes Defendants in their counter-motions. This Court rejected Wallace's subsequent petition for writ of supervisory control, and Wallace timely appealed.

¶7     The issues in the instant appeal originate in the July 20, 2006 order which we affirmed in *Wallace II*. In that order, the District Court struck a satisfaction of the Judgment which Wallace had filed, ostensibly on behalf of the LLC, to stop execution of the Judgment. The District Court also enjoined the parties from pursuing claims in other jurisdictions and appointed a Receiver to dispose of property and, generally, to carry the Judgment into effect. *Wallace II,* ¶ 2. Subsequently, in its July 31, 2007 post-judgment order, the District Court modified and then adopted the Receiver's report and directed the

Receiver to "calculate the final distribution of assets, after dissolving the LLC, per the instructions given." Wallace appealed the July 31, 2007 order, and we affirmed. *Wallace III*, ¶ 1.

¶8    Following our decision in *Wallace III*, there were further proceedings in the District Court regarding the Linseth litigation in South Dakota. These proceedings included Wallace's motion and objection and the Hayes Defendants' counter-motions referred to above. The court heard oral argument on these on October 16, 2007. Following argument the court entered its October 24, 2007 order as follows:

> the Court has determined that an application for post-judgment relief filed by Irene Linseth in South Dakota, which is now set for hearing on October 29, 2007, presents a real and immediate threat to the interests of MagTrac Bolus, LLC, in its judgment against Wallace; that the LLC has strong defenses to the Linseth application which must be presented forcefully at the upcoming hearing; that Wallace as the managing member charged with protecting the LLC's interests did retain counsel in South Dakota but has not allowed counsel to present motions or arguments to protect the LLC and has in fact seriously jeopardized the LLC's interests; that the interests of the LLC and the Hayes Defendants with respect to the Linseth application and enforcement of the judgment are aligned completely; that it is appropriate for judgment proceeds currently in the Receiver's possession to be used to protect the LLC's interests; that the injunction barring the parties from pursuing litigation elsewhere should be made permanent and remain in effect forever as to Wallace but lifted as to the Hayes Defendants so they can to [sic] collect the judgment against Wallace; that Wallace's intransigence and wilful [sic] refusal to comply with the judgment and orders of this Court has unnecessarily extended this litigation; that counsel retained by Wallace ostensibly for the LLC in California and South Dakota should be replaced with counsel committed to enforcing the judgment, and the satisfactions of judgment filed by the counsel Wallace chose should be set aside; and that as soon as reasonably possible the judgment should be assigned to the Hayes Defendants in return for their ownership interest in the LLC so that the responsibilities of the Court and the Receiver in this matter may be concluded.

¶9    The court's October 24, 2007 order also (1) relieved Wallace of his authority to defend the LLC in the South Dakota court; (2) authorized the Receiver to take all steps necessary to preserve the Judgment, including but not limited to, retaining counsel in South Dakota to represent the LLC; (3) authorized the Receiver to commit, expend or distribute the Judgment proceeds currently in his possession as he determined necessary to defend the LLC in South Dakota; (4) authorized the Receiver to retain counsel in California as selected by the Hayes Defendants, to replace present California counsel, and to have new counsel pursue a motion to set aside the satisfaction of judgment that Wallace had previously filed; (5) authorized the Receiver to take an assignment from the Hayes Defendants of their units and ownership interests in the LLC and, in return, assign to the Hayes Defendants the Judgment; and (6) granted the LLC or the Hayes Defendants, as the case may be, judgment against Wallace for all attorney's fees and costs incurred by them in collecting the judgment against Wallace, in defending the Linseth application, and in making permanent as to Wallace the court's previously entered injunction. Finally, the court lifted the July 20, 2006 injunction as to the Hayes Defendants so as to allow them to collect the judgment.

¶10   On appeal, Wallace raises six issues. He contends that the District Court lacked jurisdiction to issue the October 24, 2007 order because the issues covered by that order are inextricably intertwined with the July 31, 2007 order, and because that order was on appeal. (At the time Wallace filed his briefs in the instant cause, the July 31, 2007 order was on appeal, but, as noted above, we subsequently affirmed the July 31, 2007 order in *Wallace III*.) From his premise that the District Court was without jurisdiction to enter

5

the October 24, 2007 order by reason of his appeal of the July 31, 2007 order, Wallace argues that, in its decision to act without jurisdiction, the District Court's order violated Wallace's fundamental rights to equal protection, to due process, and to seek legal redress in the courts. Additionally, Wallace challenges the sufficiency of evidence offered by the Hayes Defendants at the October 16, 2007 hearing. Wallace also argues that the District Court's decision is simply one more attempt to adjust the ownership rights between the parties in violation of the doctrine of res judicata and law of the case. Finally, Wallace contends that the District Court improperly awarded attorney's fees as part of its order.

¶11 The Hayes Defendants argue that the District Court retained jurisdiction to enforce the July 31, 2007 order, and that Wallace did not obtain a stay pending appeal of that order. The Hayes Defendants also argue that the October 24, 2007 order was generated in response to Wallace's motion and objection and that it was Wallace who failed to provide any evidence, and only scant legal authority, in support of his positions. The Hayes Defendants also point out that the District Court has presided in this case for some seven years and has an intimate knowledge of the record and the parties. Moreover, the Hayes Defendants argue that the court's October 24, 2007 order addressed the two issues that Wallace brought to the court in his motion and objection and that the court resolved those issues, not by imposing new remedies, but by making some practical adjustments to the responsibilities of the Receiver and the parties. Finally, the Hayes Defendants argue against Wallace's constitutional violation, law of the case and res judicata claims, and in support of the District Court's award of attorney's fees and costs.

¶12 Having reviewed the record and the parties' briefs, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 internal operating rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that this appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted. Having taken into consideration our decisions in *Wallace, I, II,* and *III,* the record on appeal, the District Court's October 24, 2007 order, and the parties' arguments on appeal, we conclude that Wallace has failed to demonstrate that the District Court's findings of fact are clearly erroneous. We also conclude that the court's legal conclusions are correct.

¶13 Accordingly, the District Court's October 24, 2007 order is affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS