DA 08-0084

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 136

D. LISA LOZEAU,

        Plaintiff and Appellant,

  v.

GEICO INDEMNITY CO. and,
ELIZABETH DURGLO, a/k/a LIZ DURGLO,

        Defendant and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twentieth Judicial District,<br>In and For the County of Lake, Cause No. DV 06-283<br>Hon. C. B. McNeil, Hon. Deborah Kim Christopher, Presiding Judges |

COUNSEL OF RECORD:

        For Appellant:

        Howard Toole; Howard Toole Law Office; Missoula, Montana

        For Appellee:

        John E. Bohyer, J. Wayne Capp; Bohyer, Simpson & Tranel, P.C;
        Missoula, Montana

                Submitted on Briefs:  November 26, 2008

                          Decided:  April 21, 2009

Filed:

_____
                     Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Appellant Lisa Lozeau (Lozeau) appeals from the order of the Twentieth Judicial District Court granting Elizabeth Durglo's (Durglo) motion to dismiss. We reverse and remand.

¶2     We consider the following issue on appeal:

¶3     Did the District Court err when it concluded equitable tolling did not apply, and granted Durglo's motion to dismiss for Lozeau's failure to comply with the statute of limitations?

## BACKGROUND

¶4     On October 5, 2003, two vehicles operated by Lozeau and Durglo collided at the intersection of Lemery Lane and Watson Road in Lake County, Montana, within the external boundaries of the Confederated Salish and Kootenai Tribes (Confederated Tribes) of the Flathead Reservation. No citations were issued. Lozeau has alleged that Durglo caused the accident by failing to properly yield the right-of-way and that she sustained injuries. Lozeau, who is not a tribal member, resides with her children, who are tribal members, on the reservation. Durglo is a member of the Confederated Tribes and at the time of the accident was insured by GEICO.

¶5     In June of 2006, Lozeau filed a complaint alleging negligence in the Tribal Court, naming both Durglo and GEICO as defendants. She filed an amended complaint on September 11, 2006, and served this complaint and summons upon both Durglo and

2

GEICO.[1] On October 11, 2006, GEICO filed a motion to dismiss, arguing the Tribal Court lacked both personal and subject matter jurisdiction. Concerned about the outcome of this jurisdictional challenge, Lozeau filed a complaint against the same defendants in the Lake County District Court on November 21, 2006, about six weeks after the three year anniversary of the accident. On May 21, 2007, the Tribal Court granted GEICO's motion to dismiss, concluding, "without deciding the issue of subject matter jurisdiction," that it lacked personal jurisdiction over Lozeau. Nothing in the record indicates the parties or the Tribal Court questioned the Tribal Court's jurisdiction over Durglo.

¶6      Durglo filed a motion to dismiss the District Court action based upon Lozeau's late filing. In response, Lozeau argued the District Court should allow her case to proceed pursuant to the equitable tolling doctrine.

¶7      The District Court excluded from consideration several documents submitted with the parties' briefing on Durglo's Rule 12(b)(6) motion. Lozeau submitted the complaints she had filed with the Tribal Court and her counsel's affidavit discussing the actions she took in Tribal Court. Durglo submitted the Tribal Court's order dismissing the case. After declining to consider these references to the Tribal Court proceeding, the District Court concluded that "no facts exist" which would support application of the equitable tolling doctrine. Despite this threshold determination, the District Court proceeded to analyze the merits of the doctrine's application under the factors this Court has provided,

---

[1] The complaint asserted "*Ridley*" claims against GEICO. *Ridley v. Guaranty Nat'l Ins. Co.*, 286 Mont. 325, 951 P.2d 987 (1997).

ultimately concluding that the doctrine would not apply due to the prejudice caused to Durglo. Lozeau appeals from the District Court's dismissal of her complaint.[2]

## STANDARD OF REVIEW

¶8 We review de novo a district court's ruling upon a Rule 12(b)(6) motion, construing the complaint in the light most favorable to the plaintiff and taking all allegations of fact contained therein as true. *Meagher v. Butte-Silver Bow City-County*, 2007 MT 129, ¶ 13, 337 Mont. 339, 160 P.3d 552.

## DISCUSSION

**¶9 Did the District Court err when it concluded equitable tolling did not apply and granted Durglo's motion to dismiss for Lozeau's failure to comply with the statute of limitations?**

¶10 Preliminarily, we note the District Court's election, citing *Meagher*, to not consider anything outside the pleadings when taking up Durglo's motion to dismiss. In *Meagher*, we explained that a district court "has the discretion to include or exclude matters presented to it that are outside of the pleadings when considering a motion to dismiss," although, if choosing to look beyond the pleadings, it must generally treat the motion as one for summary judgment under Rule 56, M. R. Civ. P., and give notice of this intention to the parties. *Meagher*, ¶ 16 (citing cases, including *Plouffe v. State*, 2003 MT 62, ¶ 8, 314 Mont. 413, 66 P.3d 316).

¶11 In *Farmers Coop. Assoc. v. Amsden, LLC.*, 2007 MT 287, 339 Mont. 452, 171 P.3d 684, we made a subtle distinction from the general rule as stated in *Plouffe* and

---

[2] Lozeau served Durglo with the District Court complaint on October 7, 2007, but GEICO was never served with this complaint. After initiating the appeal to this Court, Lozeau voluntarily dismissed GEICO from the action, pursuant to Rule 41(a), M. R. Civ. P.

*Meagher*, where the district court had considered pleadings from another closely related case when ruling on a motion to dismiss. In doing so, we noted:

> The policy behind converting a motion to dismiss into a motion for summary judgment when a court considers outside information, is to notify the parties of the additional evidence considered, allow ample opportunity for the parties to prepare information countering the additional evidence, and avoid surprise. *See Plouffe*, ¶ 15. These concerns do not exist in the present case. The parties were not surprised by the information and there was no need for further time to consider the issues presented.

*Farmers Coop.*, ¶ 23. We thus held that the district court had correctly reviewed the pleadings from the other case before rendering its decision to dismiss the pending action. *Farmers Coop.*, ¶ 24.

¶12 Lozeau's complaint did not reference the Tribal Court proceeding, but both parties discussed it in their briefing to the District Court. Lozeau attached an affidavit of her attorney discussing the Tribal Court case and copies of the Tribal Court pleadings. Durglo submitted a copy of the Tribal Court's order dismissing the case. We believe the District Court should have considered this information about the Tribal Court's action, as it was particularly relevant to Lozeau's argument that equitable tolling should apply and could properly be considered pursuant to *Farmers Coop.*

¶13 On the merits of the dismissal, Lozeau does not dispute that she filed the action after expiration of the applicable three-year statute of limitation, set forth in § 27-2-204, MCA. Her position is that the District Court erred by rejecting her argument that the action should be considered timely pursuant to the equitable tolling doctrine.

¶14 Equitable tolling allows in limited circumstances for an action to be pursued despite the failure to comply with relevant statutory filing deadlines. *Harrison v. Chance*, 244 Mont. 215, 228, 797 P.2d 200, 208 (1990); *Erickson v. Croft*, 233 Mont. 146, 760 P.2d 706 (1988). Recently, we addressed the requirements a party must demonstrate for application of the doctrine:

> the statute of limitations may be tolled when a party reasonably and in good faith pursues one of several possible legal remedies and the claimant meets three criteria: (1) timely notice to the defendant within the applicable statute of limitations in filing the first claim; (2) lack of prejudice to [the] defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim.

*Let the People Vote v. Bd. of Co. Comm. of Flathead Co.*, 2005 MT 225, ¶ 18, 328 Mont. 361, 120 P.3d 385 (citations omitted). Essentially, a plaintiff must first show a reasonable and good faith pursuit of one of several possible remedies and then demonstrate the three criteria listed above have been satisfied: (1) the defendant was notified timely within the statute of limitations by the filing of the first claim; (2) the defendant's ability to gather evidence for defense of the second claim was not prejudiced; and (3) the plaintiff reasonably and in good faith filed the second claim.

¶15 Durglo argues Lozeau failed to meet the initial determination because she only had one reasonable legal remedy—to file her complaint in a state district court. Durglo argues it was not reasonable for Lozeau to pursue her claim in the Tribal Court because of the "virtually certain" jurisdictional flaw in doing so.

6

¶16    While Durglo characterizes exclusive state jurisdiction for Lozeau's claim as virtually certain, we recognize that the issue of state and tribal jurisdiction can present a procedural quandary for litigants.  Questions of whether the parties are Indian or non-Indian, whether they are tribal members or nonmember Indians, whether the incident occurred in Indian country fee or trust land, and whether the particular tribe is subject to legislation limiting the tribes' jurisdiction often must be considered.  *See Confed. Salish & Kootenai Tribes v. Clinch*, 2007 MT 63, 336 Mont. 302, 158 P.3d 377; *Zempel v. Liberty*, 2006 MT 220, 333 Mont. 417, 143 P.3d 123; *Larrivee v. Morigeau*, 184 Mont. 187, 602 P.2d 563 (1979).

¶17    We note the Tribal Court's jurisdiction with respect to Durglo was never questioned within the tribal proceeding.  Durglo is a tribal member, and she was driving within the bounds of the reservation when she allegedly caused the accident.  The tribal code section cited by both parties indicates generally that the Tribal Court assumes jurisdiction of "suits brought by non-members against members of the Tribes."  CSKT Laws Codified § 1-2-104 (2003).  We have held there are circumstances in which tribes may preside over cases brought against tribal members by nonmember persons, as provided by governing authorities.  *See Milbank Mut. Ins. Co. v. Eagleman*, 218 Mont 58, 705 P.2d 1116 (1985); *General Contstructors, Inc. v. Chewculator, Inc.*, 2001 MT 54, 304 Mont. 319, 21 P.3d 604.  Lozeau, a non-tribal member, sought resolution of her case in the Tribal Court of the Confederated Tribes, of which Durglo is a member.

7

¶18 We conclude that Lozeau's filing of the action in the Tribal Court was reasonably pursued and done in good faith. Accordingly, Lozeau has satisfied the threshold inquiry for application of the equitable tolling doctrine.

¶19 With regard to the second part of the test, Durglo does not contest that she was timely notified under factor one, nor that Lozeau's filing of the second claim in District Court was reasonable and done in good faith under factor three. However, Durglo argues that she was prejudiced by Lozeau's untimely filing, factor two, and that application of the equitable tolling doctrine is therefore not appropriate. The District Court also so concluded.

¶20 Citing to *Ereth v. Cascade Co.*, 2003 MT 328, ¶ 16, 318 Mont. 355, 81 P.3d 463, Durglo correctly notes that the goal of statutes of limitation is to protect defendants whose ability to effectively prepare a defense has been lessened due to the passage of time. There is some merit to Durglo's description of Lozeau's Tribal Court filing as a "decision to file an action in a court having questionable jurisdiction at a time perilously close to the expiration of the three-year statute of limitations." Parties and their counsel would be well advised to not delay filing an action which could reasonably be subject to a jurisdictional challenge. However, Lozeau's action was taken in good faith and we are not persuaded by Durglo's argument that she was prejudiced under the circumstances of the litigation here. Durglo offers little to demonstrate that she was hindered in mounting a defense or otherwise prejudiced apart from arguing that prejudice was "inevitable." Lozeau filed her District Court complaint less than two months after expiration of the

8

limitation period, while the tribal action was still pending. Lozeau's District Court complaint made substantially the same allegations against Durglo that her Tribal Court complaint had made, and thus caused no surprise to Durglo about the nature of the claim. Although Durglo criticizes Lozeau's argument that Durglo could have conducted discovery while the case was pending in the Tribal Court to avoid delay, on the ground it is nonsensical to conduct discovery in a court lacking jurisdiction, Durglo fails to demonstrate that her discovery efforts were actually harmed by the lapse of time between the service of Lozeau's Tribal Court complaint in September 2006 and the service of the District Court complaint the next year.

¶21 We conclude that the equities here favor application of the doctrine. We reverse the District Court's dismissal of Lozeau's action against Durglo, and remand for further proceedings.

/S/ JIM RICE

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS