DA 08-0639

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 407N

THOMAS TUCKER, JR.,

        Plaintiff and Appellant,

   v.

ERIC and GINGER BELKER,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DV 07-1174
                    Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Thomas Tucker, Jr, self-represented, Great Falls, Montana

        For Appellees:

        David M. McLean and Ryan C. Willmore; Browning, Kaleczyc, Berry &
        Hoven, P.C.; Missoula, Montana

                         Submitted on Briefs:  August 18, 2009

                                  Decided:  November 25, 2009

Filed:

               _____
                           Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 We have determined to decide this case pursuant to Section I, Paragraph 3(d)(v), of our 1996 Internal Operating Rules, as amended in 2006. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Thomas Tucker, Jr., appeals from orders of the Fourth Judicial District Court, Missoula County, issued in favor of Eric and Ginger Belker, dismissing all but two counts of Tucker's complaint and granting summary judgment in favor of Belkers on the remaining two counts.

¶3 Tucker also appeals from the denial of two orders: one denying a motion to disqualify Belkers' counsel, and the other denying his demand for appointed counsel.

¶4 Tucker and the Belkers entered into an agreement in 2001 or early 2002 calling for Tucker to do work on Belkers' home. Tucker maintains that he submitted a written bid to the Belkers, who accepted the bid in 2001. The Belkers deny there was any written document evidencing the contract.

¶5 There was conflict between Tucker and Eric Belker. Tucker claims that Eric bullied and threatened him into signing papers and into accepting a check as a final payment for his work without showing him the amount of the check. Both parties then contacted law enforcement. Tucker contends that Eric is a former California law enforcement officer who has close ties and considerable influence with the Missoula County Sheriff's Office.

2

¶6     Tucker has been continuously incarcerated since August 14, 2003, initially awaiting trial in the Missoula County Detention Center, and then in the Montana prison system. He claims Eric Belker and sheriff's deputies have acted together to steal papers that are necessary for him to prosecute lawsuits in which he is a plaintiff and, thus, they have interfered with his access to the courts.

¶7     Tucker claims he has been denied access to legal materials to prepare and file civil claims in a timely manner. Nevertheless, he filed the complaint in this case in September of 2007. He alleged 32 counts against the Belkers. Most of the counts sound in tort. However, Tucker also alleged slander, false imprisonment, and breach of contract.

¶8     The Belkers moved to dismiss the complaint at issue in this case based on statutes of limitation which provide two and three years within which to file the claims Tucker makes in this action. Sections 27-2-203, 204, MCA. On January 31, 2008, the District Court granted the Belkers' motion to dismiss all but counts 24 and 25 of Tucker's complaint. As for counts 24 and 25, the District Court concluded they contained allegations sufficient to establish a prima facie claim based upon an instrument in writing. Therefore, the District Court concluded these claims were filed within the eight-year limitation prescribed in § 27-2-202, MCA.

¶9     Tucker moved in the District Court for counsel to represent him in this civil action at the expense of the State of Montana. Tucker's motion for appointment of counsel was denied on May 6, 2008. The District Court also denied Tucker's petition for a rehearing on the motion.

¶10    Tucker filed a document in the District Court which claimed that Belkers' counsel had a conflict of interest. The District Court treated this filing as a motion to disqualify Belkers' counsel. The basis of the motion was that the law firm of Browning, Kaleczyc, Berry & Hoven, P.C. (Browning Firm), which represents the Belkers, also from time to time represents Corrections Corporation of America (CCA), which operates Crossroads Correctional Center where Tucker was incarcerated. Tucker claimed that he was the plaintiff in a lawsuit against CCA, and the Browning Firm was defending CCA. The District Court denied the motion, finding no conflict of interest that would disqualify Belkers' counsel.

¶11    Belkers moved for summary judgment on counts 24 and 25 of Tucker's complaint on the basis that during discovery Tucker did not produce any writing evidencing the contract for work on Belkers' home. Tucker did not respond to the motion. The District Court noted that pursuant to Uniform District Court Rule 2(b), Tucker's failure to respond resulted in an admission that the motion was well-taken. The District Court also determined that Tucker's assertions during discovery concerning the existence of a written instrument were self-serving, conclusory and failed to establish the existence of a genuine issue of material fact. Thus, as no written contract was produced, the District Court dismissed the remaining counts 24 and 25 of Tucker's complaint based on the applicable statute of limitation. Section 27-2-202, MCA.

¶12    We review de novo a district court ruling upon a motion to dismiss under M. R. Civ. P. 12(b)(6). The complaint is construed in the light most favorable to the plaintiff, and the Court presumes, for purposes of review, that allegations of fact are true. *Lozeau v. Geico*

4

*Indemnity Co.,* 2009 MT 136, ¶ 8, 350 Mont. 320, 207 P.3d 316, citing *Meagher v. Butte-Silver Bow City-County,* 2007 MT 129, ¶ 13, 337 Mont. 339, 160 P.3d 552.

¶13 We review de novo the grant of a summary judgment, applying the same criteria as the district court. *Cobb v. Saltiel,* 2009 MT 171, ¶ 21, 350 Mont. 501, 210 P.3d 138. In order to successfully resist the motion for summary judgment, Tucker must present evidence that raises a material issue of fact. *Cobb*, ¶ 21. Conclusory or speculative statements are insufficient. *Cobb*, ¶ 21.

¶14 The orders denying Tucker appointed counsel and denying his motion to disqualify Belkers' counsel represent the District Court's conclusions of law. We review a district court's conclusions of law to determine if they are correct. *Bitterrooters for Planning v. Bd. of Co. Comm'rs. of Ravalli Co.,* 2008 MT 249, ¶ 12, 344 Mont. 527, 189 P.3d 624.

¶15 The pleadings show that the District Court was correct in granting Belkers' motion to dismiss all but counts 24 and 25 of Belkers' complaint. Likewise, no material issues of fact remain and the District Court correctly applied the law in granting summary judgment dismissing counts 24 and 25 of Tucker's complaint. Nor did the District Court err in denying Tucker's motion for appointment of counsel in this civil case and in denying his motion to disqualify Belkers' counsel.

¶16 After a complete review of the record, we have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provides for memorandum opinions. It is manifest on the face of the briefs and

5

record before us that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law.

¶17 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ PATRICIA O. COTTER
/S/ JIM RICE