JUSTICE NELSON,
concurring.
¶26 I join the Court’s Opinion, which I believe correctly resolves this case based on the law of the case established in Cringle and on the factual circumstances presented by BNSF on remand. I write separately to clarify my views concerning the application of common-law equitable exceptions to categorical time prescriptions.
¶27 In resisting BNSF’s motion for an extension of time in which to file an appeal to the Human Rights Commission, Cringle invoked the notion that the 14-day filing deadline is “jurisdictional.” We made clear in Cringle that this deadline-and procedural time bars generally-are not jurisdictional (in the sense that they do not deprive a court of subject-matter jurisdiction). Cringle, ¶¶ 16-20. In so doing, we observed that “[pjrocedural time bars, like the 14-day filing deadline in § 49-2-505(3)(c), MCA, remain subject to constitutional review and equitable principles.” Cringle, ¶ 18. There is no question that procedural time bars are subject to constitutional challenge and review. On this point, we were unanimous. See Cringle, ¶ 18 (opinion of the Court); Cringle, ¶ 39 (Rice, J., dissenting). Upon further research and reflection, however, I have reconsidered our suggestion that all procedural time bars are subject to judicially crafted equitable exceptions. Cringle, ¶ 18.1 have now concluded that this proposition is incorrect. Rather, each categorical time prescription must be analyzed individually, within its statutory context and framework, so as to effect legislative intent. (The same principle would apply to categorical time bars contained within rules of court.)
¶28 The Supreme Court’s equitable tolling jurisprudence provides *313 some useful insights in this regard. In Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 111 S. Ct. 453 (1990), the Supreme Court observed that time requirements in lawsuits between private litigants, including the statutory time limits applicable to lawsuits against private employers under Title VII of the Civil Rights Act of 1964, “are customarily subject to ‘equitable tolling.’ ” 498 U.S. at 95, 111 S. Ct. at 457. The Supreme Court noted, however, that this “presumption of equitable tolling” is “rebuttable.” Irwin, 498 U.S. at 95-96, 111 S. Ct. at 457. In order to honor legislative intent, the Irwin presumption is rebutted where “there [is] good reason to believe that Congress did not want the equitable tolling doctrine to apply.” United States v. Brockamp, 519 U.S. 347, 350, 117 S. Ct. 849, 851 (1997) (emphasis in original). Thus, the Supreme Court has stated that “[e]quitable tolling is not permissible where it is inconsistent with the text of the relevant statute.” United States v. Beggerly, 524 U.S. 38, 48, 118 S. Ct. 1862, 1868 (1998); accord Young v. United States, 535 U.S. 43, 49, 122 S. Ct. 1036, 1040 (2002) (“It is hornbook law that limitations periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute.” (citations and internal quotation marks omitted)).
¶29 The tax statute under consideration in Brockamp, for example, set forth its time limitations “in unusually emphatic form.” 519 U.S. at 350,117 S. Ct. at 851. Moreover, it set forth “explicit exceptions to its basic time limits, and those very specific exceptions d[id] not include ‘equitable tolling.’ ’’Brockamp, 519 U.S. at 351, 117 S. Ct. at 852. The Supreme Court concluded, therefore, that Congress did not intend courts to read “unmentioned, open-ended, ‘equitable’ exceptions into the statute that it wrote.” Brockamp, 519 U.S. at 352, 117 S. Ct. at 852. Conversely, the Supreme Court concluded in Holland v. Florida,_ U.S._, 130 S. Ct. 2549 (2010), that the timeliness provision in the federal habeas corpus statute is subject to equitable tolling. Among other things, the Supreme Court observed that the statute did not contain “unusually emphatic” language and that equitable tolling would not undermine the statute’s basic purposes. Holland, 130 S. Ct. at 2561-62 (internal quotation marks omitted).
¶30 Following this logic, the application of common-law equitable doctrines to categorical statutory time bars is a two-step process: first, determine whether the Legislature intended to preclude the application of equitable exceptions to the time bar at issue; second, if the Legislature did intend to preclude equitable exceptions, then the time bar must be enforced (absent a successful constitutional *314 challenge), but if the Legislature did not intend to preclude equitable exceptions, then determine whether the claimed equitable exception applies on the facts presented. Whether the Legislature intended the courts to read “unmentioned, open-ended, ‘equitable’ exceptions into the statute that it wrote,” Brockamp, 519 U.S. at 352,117 S. Ct. at 852, is a preliminary question because equitable exceptions are not permissible where they are “inconsistent with the text of the relevant statute,” Beggerly, 524 U.S. at 48, 118 S. Ct. at 1868.
¶31 In Lozeau v. GEICO Indem. Co., 2009 MT 136, 350 Mont. 320, 207 P.3d 316, the governing time provision stated: “Except as provided in 27-2-216 and 27-2-217, the period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years.” Section 27-2-204(1), MCA; see also Lozeau, ¶ 13. This is not the sort of “unusually emphatic” statutory language that would preclude the application of equitable exceptions. Indeed, we applied our equitable tolling doctrine to Lozeau’s late-filed claim. Lozeau, ¶¶ 14-21. In the present case, in contrast, the timing provision states that an appeal may be filed with the Commission within 14 days after notice of the hearing officer’s decision is issued, but if the appeal is not filed within 14 days, “the decision becomes final and is not appealable to district court.” Section 49-2-505(3)(c), (4), MCA (emphasis added). It is one thing for the Legislature to provide a mechanism for obtaining review and to include a filing deadline. In that situation, equitable doctrines may be available to excuse noncompliance with the deadline. But it is quite another when the Legislature goes further and dictates that a decision “is not appealable” if it is not appealed within the specified timeframe. In that situation, it is not the prerogative of the courts to ignore the Legislature’s clear and unequivocal pronouncement and to graft equitable exceptions onto the statute. In my view, the language “is not appealable” is a clear directive not to apply equitable exceptions to the filing deadline. It is “ ‘an inflexible rule requiring dismissal whenever’ its ‘clock has run.’ ” Holland, 130 S. Ct. at 2560 (quoting Day v. McDonough, 547 U.S. 198, 208, 126 S. Ct. 1675, 1683 (2006)); see also Cringle, ¶ 35 (Rice, J., dissenting).
¶32 I stand by our holding in Cringle with regard to the District Court’s erroneous “jurisdiction” rationale.[1] But, for the reasons discussed above, I now conclude that we should not have crafted an *315 equitable exception to the filing deadline of § 49-2-505(3)(c), MCA. For purposes of future cases, if the 14-day deadline is timely raised-by the party who would benefit from it, by the Commission, or by the district court, see Cringle, ¶¶ 18, 25-1 believe it must be enforced, subject to constitutional challenge and review. For purposes of this case, however, the law established in Cringle requires that we apply a “good cause” analysis to BNSF’s motion. Cringle, ¶ 28. I believe the Court does so correctly, and I accordingly join the Court’s Opinion.
¶33 I concur.
JUSTICES COTTER and RICE join the Concurrence of JUSTICE NELSON.

 Additionally, I continue to believe that Weidow was correctly decided on the facts specific to that case. I would not, however, enlarge that decision beyond its facts.