FILED

03/15/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0304

DA 21-0304

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 52N

DONNES, INC., a Montana Corporation,

      Plaintiff and Appellant,

    v.

FOUR BEERS, INC., a Montana Corporation,
d/b/a STILLWATER EXCAVATING,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Stillwater, Cause No. DV 17-61
Honorable Matthew J. Wald, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          W. Scott Green, Daniel L. Snedigar, Patten, Peterman, Bekkedahl & Green,
PLLC, Billings, Montana

      For Appellee:

          Adam J. Tunning, Morgan Hoyt, Moulton Bellingham, PC, Billings,
Montana

Submitted on Briefs:  February 25, 2022

Decided:  March 15, 2022

Filed:

          _____
                         Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Four Beers, Inc., (Stillwater Excavating) subcontracted with Donnes, Inc., to perform work on a large earthmoving project for the Stillwater Mine in South Central Montana (Mine). Donnes sued Stillwater Excavating for breach of contract and unjust enrichment to recover for "extra work" it claims to have completed during the mitigation of a highwall collapse in 2016. The District Court granted partial summary judgment to Stillwater Excavating on Donnes's breach of contract claim and, following a bench trial, entered judgment for Stillwater Excavating on Donnes's unjust enrichment claim. The court also granted Stillwater Excavating statutory attorney fees and costs. Donnes appeals, alleging that the District Court erred in its findings of fact and conclusions of law and improperly awarded attorney fees to Stillwater Excavating. We affirm.

¶3      In 2015, Stillwater Excavating entered a contract with the Mine for the "Benbow Project," under which Stillwater Excavating agreed to excavate and move earth around a mine entrance owned by the Mine. Stillwater Excavating entered a subcontract agreement with Donnes to provide some earth-moving services for the Benbow Project. In June 2016, the Benbow Project suffered the second of two "highwall collapses," in which previously excavated and placed material slid down a hill and needed to be replaced to satisfy safety

2

regulations. As a result of the collapse, the Mine hired Knight Piesold Consulting (Knight Piesold) to recommend highwall mitigation measures. On June 27, 2016, Knight Piesold submitted a plan to the Mine recommending construction of a buttress adjacent to the highwall using materials excavated from an area around the mine entrance referred to as the "Portal Pad." The plan contained two measurements relevant to this dispute. The first pertained to the buttress's minimum elevation, which was necessary to satisfy safety regulations; Knight Piesold's plan stated that the Mine needed to construct the buttress at 6,530 feet elevation. The second measurement pertained to the depth of the Portal Pad excavation; Knight Piesold recommended that the Mine excavate the Portal Pad thirteen feet below grade.

¶4 Stillwater Excavating and Donnes orally agreed to complete the necessary excavation to construct the buttress and to split evenly the proceeds paid by the Mine. They prepared a cost estimate for the project based on the volume of dirt they expected to move in accordance with Knight Piesold's plan. Consistent with that plan, Stillwater Excavating and Donnes estimated that they would need to excavate, haul, and place a total of 67,500 cubic yards of dirt. On July 11, 2016, the Mine accepted the parties' cost proposal and entered into an agreement with Stillwater Excavating: "Field Change Notice No. 016" (FCN 16). FCN 16 provided, in part, that Stillwater Excavating would construct the buttress with material excavated from the Portal Pad and that Stillwater Excavating would lower the Portal Pad's elevation by thirteen feet.

¶5 In August 2016, while the project was still underway, the buttress reached a height of 6,530 feet. The parties had at that point moved 60,000 cubic yards of dirt, and the

3

Portal Pad had not yet been excavated thirteen feet below its original elevation. After a short pause caused by confusion about the two measurements, the Parties agreed to continue excavating into the Portal Pad and adding the excavated material onto the buttress until they lowered the Portal Pad by thirteen feet. Donnes claims that it was to be compensated for work that exceeded the 6,530-foot elevation mark; Stillwater Excavating denies discussing such additional terms. On August 10, 2016, Knight Piesold drafted a letter to the Mine revising the final height of the buttress, but the parties did not receive or rely on this letter.

¶6 Stillwater Excavating and Donnes completed the Portal Pad buttress project at the end of August 2016. As agreed, the Mine paid Stillwater Excavating $1,159,091.64, and Stillwater Excavating paid Donnes fifty percent of the proceeds ($579,545.82). When they completed the project, the parties had moved roughly 69,000 cubic yards of dirt onto the buttress. Of that volume, approximately 9,938 cubic yards of dirt were added above the 6,530-foot elevation point. Several months later, Donnes sent Stillwater Excavating a request for payment for the 9,938 cubic yards it moved above 6,530 feet, claiming that it was "extra" work. When Stillwater Excavating did not agree, Donnes sued for breach of contract, alleging unjust enrichment as an alternative claim. The District Court granted summary judgment to Stillwater Excavating on its breach of contract claim because, even if Donnes could establish that it had a separate contract with Stillwater Excavating to construct the buttress above 6,530 feet elevation, the contract would be void for lack of

4

certainty as there was no evidence the parties discussed any payment terms for work that went beyond what was included in the lump sum set forth in FCN 16.[1]

¶7     The District Court held a bench trial on Donnes's remaining claim for unjust enrichment. Greg Russell, Stillwater Excavating's project manager, testified that the 6,530-foot mark represented the *minimum* elevation at which the buttress needed to be constructed for safety purposes. He said that the elevation of the buttress did not factor into the cost estimates, which were prepared by Stillwater Excavating and Donnes and submitted to the Mine, nor did the elevation of the buttress serve as the basis for Stillwater Excavating and Donnes's agreement. Rather, Russell testified that the cost proposal was based on the volume of dirt moved. He also explained that the 69,000 cubic yards of dirt moved amounted to only two percent more than the agreed upon 67,500 cubic yards. Donnes's expert, Richard Stryker, admitted that excavation contractors generally do not receive additional compensation for quantities that exceed estimates by less than ten percent. Donnes's president, Frank Donnes, testified that Stillwater Excavating and Donnes each received fifty percent of the $1,159,091.64 that the Mine paid Stillwater Excavating for the Portal Pad buttress. The parties did not have records detailing the amount of work each company completed. The president of Stillwater Excavating, Don Beers, testified that Donnes and Stillwater Excavating generally split the work fifty-fifty. He stated that the intent of the project was to pool resources and complete the

---

[1] Donnes also pleaded a second count of breach of contract arising from the first highwall collapse at the Benbow Project; the District Court granted summary judgment to Stillwater Excavating on that claim as well, but it is not at issue on appeal.

5

work collectively without "figuring out man-hours or number of vehicles." Frank Donnes did not dispute that testimony, but he claimed Donnes did eighty percent of the work above the 6,530-foot elevation point.

¶8　　The District Court concluded that Donnes could not establish any element of unjust enrichment. It entered judgment in favor of Stillwater Excavating, including an award of attorney fees pursuant to § 28-2-2105, MCA. Donnes moved to amend the judgment on the ground that the award of fees was unlawful. Before the court could rule on its motion, Donnes filed an appeal to this Court. Eight days later, the District Court denied Donnes's motion regarding attorney fees for lack of jurisdiction. Having determined that the appeal was taken prematurely, we remanded the case to the District Court on January 28, 2022, to decide the pending motions and to determine the amount of attorney fees. On February 25, 2022, Donnes notified this Court of the District Court's orders denying its Rule 52(b) and Rule 59(e) motions and setting the amount of attorney fees for which it found Donnes liable.[2]

¶9　　We review a district court's findings of fact for clear error and its conclusions of law for correctness. *Boyne USA, Inc. v. Spanish Peaks Dev., LLC*, 2013 MT 1, ¶ 28, 368 Mont. 143, 292 P.3d 432 (citations omitted). "Clear error exists if substantial credible evidence fails to support the findings of fact, if the district court misapprehended the evidence's effect, or if we have a definite and firm conviction that the district court made a mistake." *Boyne USA*, ¶ 28 (citation omitted).

---

[2] Donnes waived its right to a hearing on the reasonableness of the claimed fees but preserved its appeal of the award.

¶10 We review for correctness a court's conclusion that legal authority exists to award attorney fees. *DeTienne v. Sandrock*, 2018 MT 269, ¶ 39, 393 Mont. 249, 431 P.3d 12. "If legal authority exists to award attorney fees, we review [a court's] decision to grant or deny the fees for abuse of discretion." *DeTienne*, ¶ 39. Abuse of discretion occurs when a court "acts arbitrarily, without the employment of conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice." *State v. Sage*, 2010 MT 156, ¶ 21, 357 Mont. 99, 235 P.3d 1284.

**Findings of Fact**

¶11 Donnes argues that the court's findings of fact were clearly erroneous because the court adopted Stillwater Excavating's proposed findings nearly verbatim. "A court is not necessarily prohibited from adopting the prevailing party's proposed findings; the test is whether the findings are sufficiently comprehensive and pertinent to the issues to provide a basis for decision and whether they are supported by the evidence." *Bitterroot River Protective Ass'n v. Bitterroot Conserv. Dist.*, 2008 MT 377, ¶ 55, 346 Mont. 507, 198 P.3d 219 (citation and alterations omitted).

¶12 The record indicates that the District Court issued comprehensive findings grounded in the trial testimony. Donnes fails to identify specific findings that were erroneous and fails to show how it was prejudiced by the court's adoption of Stillwater Excavating's findings of fact. Dispositive to the District Court's ruling, Stillwater Excavating was not "enriched" by work the parties performed after the buttress reached 6,530 feet elevation. Frank Donnes's testimony that the parties' excavation work ultimately benefited the Mine and not Stillwater Excavating supports this finding. Donnes does not identify any facts in

7

its proposed findings of fact, or evidence in the record, that would have contradicted this finding. The District Court's findings were supported by substantial credible evidence. It did not commit clear error by adopting Stillwater Excavating's proposed findings of fact.

¶13 Donnes also asserts that the District Court erred by referring to the parties' agreement in its findings of fact as a "volume-based" agreement, when it had referred to the agreement in the summary judgment order as a "lump sum" contract. Donnes maintains that this finding belies the scope of the parties' agreement, which was in fact a lump sum, and not a volume-based, agreement. Donnes takes issue with paragraph thirty of the court's Findings of Fact, Conclusions of Law, and Judgment (FOFCOL), which states: "Field Change Notice No. 016 was marked as a lump sum contract[;] however, Mr. Schuler testified that this was his mistake and FCN should have been a volume contract, as is customary with the Mine."

¶14 On review of the record, we conclude that Finding of Fact ¶ 30 is not clearly erroneous. Although the cost estimates that the parties submitted to the Mine demonstrated that the pricing was volumetric—based on the amount of dirt moved in cubic yards— FCN 16 described only the projected "lump sum" amounts from those estimates. Bob Schuler, a former senior engineer for the Mine who served as contractor liaison on the Benbow Project, testified that he should not have marked FCN 16 as a "lump sum" agreement because the estimates were based on the unit price and quantity of dirt moved. The court made additional findings related to the volumetric nature of the parties' agreement:

8

14. The first page of the Plan contains a volume estimate of the total amount of dirt to be moved from the Portal Pad.

.  .  .

22. The volume estimates in this cost proposal were consistent with the proposed volumes found on the June 27, 2016 Plan.

.  .  .

50. Defendant's expert Calvin Frank testified that it is the industry practice to bid and receive payment on earth moving projects based on volume of earth moved. This testimony was consistent with the practice employed by the Mine. Even lump sum contracts are generally based on estimates of volume of earth moved.

The court's findings were supported by substantial credible evidence in the record. As the finder of fact, the court was permitted to resolve "conflicts of evidence" and "witness credibility." *See Cameron v. Mercer*, 1998 MT 134, ¶ 18, 289 Mont. 172, 960 P.2d 302 (citation omitted). We find no clear error in the court's description of FCN 16 as a "lump sum" contract or in its recitation of Mr. Schuler's opinion that FCN 16 should have been characterized as volumetric.

**Conclusions of Law**

¶15 Donnes next argues that the District Court erred by concluding that Donnes failed to satisfy the elements of unjust enrichment. Stillwater Excavating contends that the parties' contract governs their obligations with respect to the Portal Pad buttress and unjust enrichment thus is not an available remedy. Stillwater Excavating asserts, alternatively, that Donnes cannot establish the elements of unjust enrichment.

¶16 "Unjust enrichment is an equitable claim for restitution to prevent or remedy inequitable gain by another." *Associated Mgmt. Servs. v. Ruff*, 2018 MT 182, ¶ 64,

9

392 Mont. 139, 424 P.3d 571 (citations omitted). "Unjust enrichment is generally available when an adequate legal remedy does not exist." *Mont. Digital, LLC v. Trinity Lutheran Church*, 2020 MT 250, ¶ 11, 401 Mont. 482, 473 P.3d 1009 (citations omitted). "A valid contract defines the obligations of the parties as to matters within its scope, displacing to that extent any inquiry into unjust enrichment." *Ruff*, ¶ 67 (citations and alterations omitted). In the contract context, therefore, unjust enrichment applies "only when a party renders a valuable performance or confers a benefit upon another under a contract that is invalid, voidable, or otherwise ineffective to regulate the parties' obligations." *Ruff*, ¶ 67 (citations and quotations omitted).

¶17 To recover on a theory of unjust enrichment, a party must show: (1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under circumstances that would render it inequitable for the conferee to retain the benefit without compensating the first party for the value of the benefit. *Ruff*, ¶ 65; *N. Cheyenne Tribe v. Roman Catholic Church*, 2013 MT 24, ¶ 36, 368 Mont. 330, 296 P.3d 450 (citation omitted).

¶18 The District Court did not issue a conclusion of law whether the parties had a valid, enforceable contract regarding the Portal Pad buttress but rested its decision on Donnes's failure to satisfy the elements of unjust enrichment. We do the same.

¶19 The court found that Donnes did not confer a benefit on Stillwater Excavating. The parties agreed that the Portal Pad buttress work was performed for the benefit of the Mine, not Stillwater Excavating. Donnes asserts that, under the Restatement (Third) of

10

Restitution and Unjust Enrichment § 23 (Am. Law Inst. 2011) [hereinafter Restatement], it did confer a benefit on Stillwater Excavating because it satisfied Stillwater Excavating's contractual obligation to the Mine by constructing the buttress above 6,530 feet. Section 23 of the Restatement discusses the performance of a joint obligation: "If the claimant renders to a third person a performance for which claimant and defendant are jointly and severally liable, the claimant is entitled to restitution from the defendant as necessary to prevent unjust enrichment." The Comments explain that § 23 contemplates a situation in which "A discharges all or part of what is . . . a common liability of A and B," such that "A has to that extent performed B's obligation[.]" Restatement § 23 cmt. a.

¶20    We need not decide whether to adopt § 23 of the Restatement because Donnes has not established that it performed Stillwater Excavating's obligation. As the District Court found, the record shows that the parties generally performed an equal share of the work on the Portal Pad buttress and received equal compensation. Though the parties presented conflicting accounts of the percentage of work each completed above 6,530-foot elevation, they did not dispute that the intent of the project was to split the work fifty-fifty or that the total compensation was divided equally. The court found Stillwater Excavating's evidence more credible, and there is substantial evidence in the record to support its conclusion. Even if we were to apply § 23 of the Restatement, therefore, Donnes cannot show that it conferred a benefit on Stillwater Excavating.

¶21    Because Donnes's failure to establish the first element of unjust enrichment defeats its claim, the District Court's interpretation of the law was correct.

11

**Attorney Fees**

¶22 Donnes argues that the District Court erred in awarding attorney fees to Stillwater Excavating for three reasons: (1) attorney fees are not available under § 28-2-2105, MCA, absent a written contract; (2) Stillwater Excavating waived its right to attorney fees; and (3) attorney fees under § 28-2-2105, MCA, are not available for unjust enrichment claims.

### a. Written Contract

¶23 Donnes asserts that an award of attorney fees pursuant to a construction contract under § 28-2-2105, MCA, is premised on the existence of a "written agreement," and, therefore, the District Court erred when it awarded Stillwater Excavating attorney fees based on an oral agreement.

¶24 Montana follows the "American rule" that a party may not recover attorney fees "absent a specific contractual or statutory provision." *Mt. West Farm Bureau Mut. Ins. Co. v. Brewer*, 2003 MT 98, ¶ 14, 315 Mont. 231, 69 P.3d 652. Section 28-2-2105, MCA, states: "In a civil action on a contract to enforce an obligation imposed by this part, the prevailing party is entitled to reasonable attorney fees and costs[.]" Though § 28-2-2101(1), MCA, defines "construction contract," in part, as a "written agreement," § 28-2-2105 does not refer to a "construction contract" but to a "contract." The statute contains no written agreement requirement for a *subcontract*. A subcontract means "a contract between a contractor and subcontractor or between a subcontractor and another subcontractor, the purpose of which is the performance of all or part of the construction contract." Section 28-2-2101(8), MCA. Because § 28-2-2105, MCA, does not expressly

limit attorney fees to written agreements between a contractor and a subcontractor, the District Court did not commit an error of law when it awarded fees despite the absence of a written agreement between Donnes and Stillwater Excavating.

**b. Waiver of Fees**

¶25 Donnes contends that Stillwater Excavating waived its claim to attorney fees by not requesting fees after the court entered summary judgment on the contract claims and by not raising the issue of fees in the pretrial order.

¶26 A motion for attorney fees must be filed "no later than 14 days after the entry of a judgment." M. R. Civ. P. 54(d)(2)(B)(i). Unless the court "directs entry of a final judgment," any order that adjudicates fewer than all the claims "does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." M. R. Civ. P. 54(b)(1). We explained in *Brewer* that the failure of a prevailing party to request attorney fees on partial summary judgment did not preclude an award of fees upon resolution of the case because the plaintiffs "had not yet prevailed in this matter." *Brewer*, ¶ 11. Similarly, in *Kunst v. Pass*, we held that the plaintiffs were entitled to attorney fees despite failing to specifically plead them their complaint, pretrial order, or trial brief because the defendants had notice that "an award of attorney's fees was possible[,]" and the plaintiffs requested any "other and further relief as the Court may deem just and proper" in their complaint. 1998 MT 71, ¶ 36, 288 Mont. 264, 957 P.2d 1.

¶27 We considered whether a request for statutorily mandated attorney fees should have been included in the court's pretrial order in *In re Estate of Lande*, 1999 MT 179, ¶ 26,

13

295 Mont. 277, 983 P.2d 316. We explained that the purpose of a pretrial order is to "prevent surprise, simplify the issues, and permit the parties to prepare for trial." *In re Estate of Lande*, ¶ 26. Because the statute provided the parties with notice that attorney fees were mandatory, we held that the prevailing party's request for attorney fees did not need to be included in the pretrial order. *In re Estate of Lande*, ¶ 26. We applied that same reasoning to a discretionary award of attorney fees in *In re Marriage of Schmieding*, 2000 MT 237, ¶¶ 38-39, 301 Mont. 336, 9 P.3d 52.

¶28 Donnes had ample notice that Stillwater Excavating requested and could be entitled to attorney fees in this case. Stillwater Excavating pleaded attorney fees in its answers to both Donnes's complaint and amended complaint. The partial summary judgment order was not a final judgment, and Stillwater Excavating had not yet "prevailed" in the action. Therefore, Stillwater Excavating did not waive its right to attorney fees by not requesting them after summary judgment and by not including them in the pretrial order.

### c. Attorney Fees for Unjust Enrichment

¶29 Donnes argues that the District Court erred by relying on *Moore v. Goran, LLC*, 2017 MT 208, 388 Mont. 340, 400 P.3d 729, in awarding attorney fees to Stillwater Excavating on Donnes's unjust enrichment claim.

¶30 The District Court relied on *Moore* for the proposition that "cases interpreting § 28-2-2105[, MCA,] have granted attorney fees for an entire case when the unjust enrichment claim was paired with a contract claim." In *Moore*, we affirmed a district court's determination that the prevailing party in a contract and unjust enrichment case was entitled to attorney fees under § 28-2-2105, MCA. *Moore*, ¶¶ 4, 28. We find no

14

error in the District Court's interpretation of *Moore*. We also have held that a district court may consider intertwined claims, involving the same factual and legal issues, when awarding attorney fees. *Blue Ridge Homes, Inc. v. Thein*, 2008 MT 264, ¶ 78, 345 Mont. 125, 191 P.3d 374. Donnes's unjust enrichment claim was intertwined with, and involved similar legal and factual disputes as, its breach of contract claim. The court correctly awarded attorney fees to Stillwater Excavating on all claims pursuant to § 28-2-2105, MCA. Having established a legal basis for attorney fees, the District Court did not abuse its discretion in awarding attorney fees to Donnes.

¶31 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Finding no error in the District Court's findings and legal conclusions, we affirm its May 21, 2021 Findings of Fact, Conclusions of Law, and Judgment and its post-judgment orders on attorney fees.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON

15