CAMPANELLO, Respondent, *v.* MERCER, et al., Appellants.
No. 8955.
Submitted December 8, 1950. Decided February 14, 1951.
227 Pac. (2d) 312

Mr. William F. Shallenberger and Mr. Don A. Paddock, Missoula, for appellants.

Mr. Jack W. Rimel and Mr. Leon L. Bulen, Missoula, for respondent.

Mr. Paddock, Mr. Rimel and Mr. Bulen argued orally.

MR. JUSTICE METCALF:

This is an action to impress a trust upon certain real property which the plaintiff, Nick Campanello, alleges the defendant, Sam Mercer, purchased with funds belonging to the plaintiff at a tax sale in Missoula county. The defendant, Missoula Mercantile Company, did not appear and a default was entered. Defendants, Sam Mercer, Cora Ellison, and Hazel Mercer, appeared jointly through the same counsel. The action was dismissed against the defendant, County of Missoula. Judgment was for the plaintiff and from that judgment the defendants have appealed and as to a portion of the judgment the plaintiff has cross-appealed.

The evidence was sharply conflicting. Substantial evidence however supports the court's findings that are summarized as follows: Nick Campanello, an alien by birth, of little education, who could not read or write, was by occupation a farmer and truck gardener, who for more than 15 years prior to the commencement of the action had continuously occupied certain described lands in the county of Missoula, first as a tenant of the A. B. Cook estate, prior to the 26th day of February 1937, and subsequently under a claim of ownership.

The plaintiff had purchased machinery to farm the land. He installed an irrigation system with an electric pump, pump house, pipes, and a concrete reservoir. He built a dwelling house for himself and a woodshed, chicken house, root cellar and other outbuildings. He fenced the property, planted fruit trees and berry bushes and generally treated the property as his own. Some of these improvements were made prior to the year 1937 and the balance subsequent.

On the 26th day of February 1937 the property stood in the name of A. B. Cook and the taxes were delinquent. This property, together with other property in that vicinity was advertised for sale at public auction on February 26, 1937. On

the evening of February 25, 1937, the plaintiff and defendant Sam Mercer entered into an agreement whereby plaintiff paid Mercer the sum of $200 in consideration of which Mercer was to bid in and purchase at the tax sale to be held the next day the lots and fractions thereof on which Nick Campanello was then living. On the day of the tax sale both the plaintiff and the defendant were in attendance at the county courthouse and Mercer purchased the lands upon which Campanello was living, together with other lands adjacent thereto and in the same vicinity. The lots that Campanello claims were only a small portion of the entire tract purchased. The tax deed from Missoula county for all of the lots purchased by Mercer at the tax sale was made to the Missoula Mercantile Company at Mercer's request. Thereafter the Missoula Mercantile Company deeded the lots to one Cora Ellison for whom the defendant Mercer held, and has ever since held, a general power of attorney. On the 30th day of November 1944 Cora Ellison by the defendant Sam Mercer, her attorney in fact, deeded all the lots to Hazel Mercer, the wife of defendant Sam Mercer. At all times since the tax sale on February 26, 1937, plaintiff Nick Campanello continued to live upon and farm and improve the lots claimed by him. From time to time the plaintiff saw the defendant Sam Mercer and requested a deed for the land, but no deed was ever executed or delivered and Campanello continued to trust Mercer and believed that Mercer would eventually give him a deed until May 1945 when Campanello received a written notice to vacate the premises.

During all of the years subsequent to the tax sale Mercer paid the taxes upon all of the land purchased at that sale. But Campanello delivered to Mercer produce of his truck garden, fruit, vegetables, poultry and eggs which Mercer alleged was for rent for the premises and which Campanello alleged and which the court found was in payment of taxes levied against his portion of the property.

The court concluded that Campanello had at all times since the 26th day of February 1937 lived upon and occupied and

constructed improvements on the land, believing himself to be the owner thereof, and that he at all times acted in good faith and therefore he was entitled to a decree quieting title to him as against the defendants to the property claimed.

The appellant maintains that Campanello's claim is barred by the Statute of Frauds; that his only remedy is a contract to reconvey; that the action is barred by the Statute of Limitations; that there is no showing that Mercer ever had title to the property and that the persons who did have title had no knowledge of Campanello's interest or claim of ownership.

Under the facts as found by the court here was a situation where the consideration for a transfer of property was paid by Campanello and the title taken in the name of Cora Ellison. By statute R. C. M. 1947, sec. 86-103, a trust is presumed to result in favor of the person advancing the money. Such a trust is created by operation of law. McQuay v. McQuay, 81 Mont. 311, 319, 263 Pac. 683; R. C. M. 1947, sec. 86-102. A trust created by operation of law does not come under the Statute of Frauds and may be proved by parol evidence. Opp v. Boggs, 121 Mont. 131, 193 Pac. (2d) 379; Stauffacher v. Great Falls P. S. Co., 99 Mont. 324, 331, 43 Pac. (2d) 647.

The appellant relies on Largey v. Leggat, 30 Mont. 148, 75 Pac. 950, as authority that here was merely a contract to reconvey and not a trust. In that case the court refused to impose a trust, pointing out that the alleged beneficiary had not advanced any money and did nothing towards carrying the verbal agreement into effect. Here the court found that the purchase money was advanced by Campanello prior to the sale and he continued to farm the place, make improvements and treat it as his own after the sale. Secondly, in the Largey Case no trust was pleaded and the court held that the finding that there was a trust *ex maleficio* was not supported by the pleadings. In the instant case the trust is specifically pleaded and the case was tried upon a trust theory.

The more nearly analogous Montana case is Marcellus v. Wright, 51 Mont. 559, 154 Pac. 714, where the cashier of a

bank bid in the property of another at a foreclosure sale and advanced the purchase money to the beneficiary as a loan under an oral agreement to hold the title as security for the loan. The court held that a resulting trust was created.

Nor is the action barred by the Statute of Limitations. At the time Campanello advanced $200 to Mercer he asked for a receipt. Mercer refused, but assured Campanello that he was going to have a deed to his land. When title was taken in the name of the Missoula Mercantile Company, again Campanello protested and he was reassured that when the money advanced by the Missoula Mercantile Company was paid Campanello would get a deed to his part of the property. Repeatedly thereafter Campanello asked for a deed and each time he was promised it and continued to live on the land and farm it, believing that ultimately he would get his deed. It was not until he was ordered to move that he ceased to rely on Mercer's promise to deed him the land.

The Statute of Limitations does not commence to run in favor of the trustee of a resulting trust until the trustee disavows the trust or asserts some right inconsistent with it. Opp v. Boggs, supra; Restatement Law of Trusts, sec. 409; First State Bank of Philipsburg v. Mussigbrod, 83 Mont. 68, 271 Pac. 695.

The presumption is that the trustee holds legal title in the interest of his beneficiary and not in hostility to him.

Mercer kept promising Campanello a deed and as long as Campanello was in possession and exercising ownership and control over the property he was continually asserting his right to the property.

The facts of the case and the situation between the parties demonstrates that Mercer, as trustee, did not assert his hostile and adverse interest and thus disavow the trust until the service of the eviction notice in May 1945. This action was promptly filed after the repudiation of the trust. Wright v. Brooks, 47 Mont. 99, 130 Pac. 968.

The property was deeded to the Missoula Mercantile Com-

pany by Missoula county after the tax sale. The Missoula Mercantile Company then deeded it to Cora Ellison and Cora Ellison deeded it to Hazel Mercer, wife of defendant Sam Mercer.

Sam Mercer has never held legal title to the property. It is therefore contended that he cannot be a trustee for Campanello. But at all times Mercer was an attorney in fact for Cora Ellison under a very broad power of attorney. He dealt with Cora Ellison's property as if it were his own. During the time the property purchased at the tax sale was nominally Cora Ellison's, Mercer sold some of it, exchanged some for other property, constructed buildings on it and generally exercised proprietary dominion and control over it. Later it was first transferred to Hazel Mercer by a deed signed for Cora Ellison by Sam Mercer, her attorney in fact. Later Cora Ellison deeded it directly to Hazel Mercer. Yet Sam Mercer continued to manage the property and exercise the same dominion and control over it as when it was in Cora Ellison's name. Under these circumstances, because of Mercer's confidential relationship with the persons in whose names title was actually taken, it was evident that they had the same knowledge and notice of the claims of the plaintiff as had Mercer himself. A resulting trust established by operation of law in order to protect an individual who advances the purchase price cannot be defeated by placing legal title in "straw men" to whom notice can be imputed under the facts and circumstances of the case.

The plaintiff filed a cross-appeal claiming that the trial court erred in not giving Campanello all the land which he claimed.

The property claimed by Campanello consisted of all of block 18 of McCormick's Addition No. 2, lying west of Highway No. 10, and a triangular piece of land consisting of fractional lots 6-14 in block 15. This piece of land was bounded by Highway No. 10 on the east, on the south and west by the Frenchtown road which ran through the north half of block 18 in a northwesterly direction, and by the Flynn ditch on the north.

The evidence as to the land that Campanello was occupying

534

at the time of the tax sale and that he claimed after the sale was vague and indefinite. Campanello did not know the legal description of the land that he owned; he could only describe it vaguely and obscurely and while there was evidence from which the trial court might have found that Campanello was also entitled to the triangular piece of block 15, we cannot say that there was error in not so finding. The court inspected the premises and applied the conflicting evidence to the actual physical environment, and its findings and conclusions are sustained.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES BOTTOMLY, FREEBOURN, and ANGSTMAN, concur.