DA 13-0096

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 326

JOHNATHAN ALFSON,

          Plaintiff and Appellee,

   v.

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

          Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 12-38
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Gregory G. Smith, Smith Oblander, PC; Great Falls, Montana

       For Appellee:

       Martin W. Judnich, Vincent J. Pavlish, Judnich Law Office; Missoula,
Montana

                       Submitted on Briefs:  October 2, 2013
                                Decided:  November 5, 2013

Filed:

               _____
                         Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Allstate Property and Casualty Insurance Company (Allstate) appeals from the Order of the Montana Fourth Judicial District Court, Missoula County, granting declaratory judgment to Johnathon Alfson (Alfson) that required Allstate to advance pay wages Alfson lost due to injuries he alleges were caused by Allstate's insured. We reverse.

## ISSUE

¶2 We review the following issue:

¶3 *Did the District Court err in granting summary judgment in Alfson's favor.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On November 2, 2011, Allstate's insured, Jack McCoy (McCoy) rear-ended Alfson's pickup truck. Alfson declined medical treatment at the scene, but sought medical treatment following the collision. Dr. Rochelle Wolfe (Wolfe) wrote several short, unsworn letters advising that Alfson should not return to work due to his ongoing injuries. Since he could not return to work, Alfson demanded that Allstate pay his lost wages in advance of any settlement, supporting his request with Wolfe's letters.[1] He also submitted to Allstate a letter from his employer, Montana Rail Link, setting forth his wages for the month preceding the accident. Before paying the claimed lost wages, Allstate requested additional information, including medical records and tax returns. Alfson refused to produce this information.

---

[1] Although Alfson's request for advance payment does not appear in the record, Allstate's response, dated January 6, 2012, does. Based on Allstate's response, we assume that Alfson's letter exists and was supported by the documents Allstate claims it was in its brief.

2

¶5 On January 12, 2012, Alfson filed the instant action, seeking a declaration requiring Allstate to issue advance payments for lost wages in the amount of $24,117.09. In early March, just after Allstate had filed its Answer and discovery requests, Alfson moved for summary judgment and supported his motion with the accident report, as well as the same letters from Wolfe and from Montana Rail Link. He did not submit any sworn affidavits.

¶6 In late March, Allstate moved for a continuance, pursuant to M. R. Civ. P. 56(f)(2), so it could conduct additional discovery before responding to Alfson's motion for summary judgment. Allstate argued additional discovery was required, including a physical examination pursuant to M. R. Civ. P. 35; and objected to Alfson's unsworn documentation. On April 25, 2012, Allstate made a specific motion seeking a physical examination pursuant to M. R. Civ. P. 35. On April 27, 2012, the District Court denied Allstate's Rule 56(f) motion and request for a Rule 35 examination, and granted summary judgment in Alfson's favor. In granting summary judgment, the Court permitted Alfson to submit supplemental wage loss documentation from his employer.

¶7 On June 28, 2012, the District Court ordered that its order granting summary judgment be held in abeyance to allow Allstate to file a responsive brief in opposition to Alfson's motion for summary judgment. Allstate filed its opposing brief, along with supporting affidavits. On August 17, 2012, the District Court reinstated and reaffirmed its April 27 award of summary judgment to Alfson and denial of Allstate's request for Rule 56(f) relief. The District Court also denied Alfson's motion to compel. In reinstating its original summary judgment order, the District Court relied on Wolfe's letters. On December

4, 2012, the District Court issued a declaratory judgment requiring Allstate to advance pay Alfson's lost wages. On January 7, 2013, the District Court also issued an order requiring Allstate to pay costs and attorney's fees in the amount of $3,000.00.

¶8     Allstate appealed.

## STANDARD OF REVIEW

¶9     This Court reviews a district court's grant of summary judgment *de novo*, applying the M. R. Civ. P. 56, criteria as applied by the district court. *In re Estate of Harmon*, 2011 MT 84, ¶ 14, 360 Mont. 150, 253 P.3d 821. Rule 56 provides that a party may move for summary judgment "with or without supporting affidavits." M. R. Civ. P. 56(a). It also provides that the district court should grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." M. R. Civ. P. 56(c)(2).

¶10     "This Court reviews a district court's interpretation of law pertaining to a declaratory judgment ruling for correctness." *Med. Marijuana Growers Ass'n v. Corrigan*, 2012 MT 146, ¶ 14, 365 Mont. 346, 281 P.3d 210.

## DISCUSSION

¶11     If a party moves for summary judgment without supporting affidavits, a court may only consider the pleadings and the discovery and disclosure materials on file in granting summary judgment. *See* M. R. Civ. P. 56(c)(2) ("The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that

4

there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."); *Frenchtown Rural Fire District v. Ross*, No. DV-11-734, 2011 Mont. Dist. LEXIS 57, \*\*20-21 (4th Jud. Dist. Nov. 1, 2011) (in weighing a motion for summary judgment, the court would only consider the pleadings and relevant affidavits). A court need only consider admissible evidence in deciding whether summary judgment is an appropriate remedy. *N. Cheyenne Tribe v. Roman Catholic Church*, 2013 MT 24, ¶ 21, 368 Mont. 330, 296 P.3d 450; *see Hiebert v. Cascade County*, 2002 MT 233, ¶ 35, 311 Mont. 471, 56 P.3d 848 (excluding several exhibits supporting a summary judgment brief on the basis that they constituted "inadmissible hearsay"). Authentication, or setting forth "evidence sufficient to support a finding that the matter in question is what its proponent claims," is a "condition precedent to admissibility." M. R. Evid. 901(a).

¶12     In *Disler v. Ford Motor Credit Co.*, 2000 MT 304, ¶¶ 11, 13, 302 Mont. 391, 15 P.3d 864, we determined that, where three loan documents were simply attached to the non-movant's brief opposing summary judgment, we would not consider them on review of the district court's decision. We reasoned that "without an affidavit or sworn discovery response of [an individual] . . . with personal knowledge of the genuineness, relevance and contents of the documents [(as required by M. R. Civ. P. 56(e)(1))], the attachments . . . were little more than inadmissible hearsay." *Disler*, ¶ 11. Because no such sworn authentication for the documents' contents existed, we based our decision only on the pleadings, answers to interrogatories, and admissions on file in the case and in the public record. *Disler*, ¶ 13.

5

¶13    For items not enumerated in Rule 56 to be properly considered in support of a summary judgment motion, they must be authenticated by a sworn affidavit or discovery response. *See* M. R. Evid. 901 (authentication is a condition precedent to admissibility; describing means by which evidence may be authenticated); *see also* M. R. Civ. P. 56(e)(1) ("If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit."); *see also Disler*, ¶¶ 11, 13.  In *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550-51 (9th Cir. 1990), the Ninth Circuit stated:  "It is well established that unauthenticated documents cannot be considered on a motion for summary judgment . . . .  A document which lacks a proper foundation to authenticate it cannot be used to support a motion for summary judgment."  (Citations omitted.)  We expressly adopted this rule in *Smith v. Burlington Northern & Santa Fe Ry.*, 2008 MT 225, ¶¶ 47-48, 344 Mont. 278, 187 P.3d 639.  We explained that exhibits may be submitted in support of an affidavit only "so long as they are accompanied by an affidavit or sworn discovery response of an individual with personal knowledge of their genuineness, relevance, and contents, or there is a foundation laid for such exhibits based on any exception to the rule excluding hearsay evidence." *Smith,* ¶ 39 (citing *Hiebert*, ¶¶ 30-32; *Disler*, ¶ 11) (internal quotation omitted).  Here, having filed the declaratory action and then seeking summary judgment, Alfson was obligated to comply with our rules governing summary judgment by submitting in support of his motion only properly authenticated supporting documents.  He failed to do so.

6

¶14     The District Court incorrectly granted summary judgment to Alfson.  In granting summary judgment, the District Court considered and relied upon Wolfe's letters, as well as the letter from Montana Rail Link.  These informal letters were not supported by sworn affidavits or discovery responses.  Alfson submitted no evidence of their genuineness, relevance, or the qualifications of their preparers.  Without supporting affidavits "made on personal knowledge, [that] set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated," M. R. Civ. P. 56(e)(1), these items lack the authentication for admissibility.  It was, therefore, improper for the court to consider them in granting summary judgment.  The District Court's grant of summary judgment in Alfson's favor, and declaratory judgment based on that summary judgment grant, are legally infirm and must be reversed.

¶15     Because we reverse the District Court's grant of summary judgment and a declaratory judgment in Alfson's favor, we remand this matter to the District Court.  We decline to address the other issue Allstate raises in its appeal.

¶16     Reversed and remanded for proceedings consistent with this Opinion.

/S/ MICHAEL E WHEAT

We concur:

/S/ BRIAN MORRIS
/S/ PATRICIA COTTER

7

/S/ BETH BAKER
/S/ JIM RICE