FILED

12/10/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0554

DA 23-0554

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 297N

GARY TAYLOR,

       Plaintiff and Appellant,

  v.

GEORGE ANTHONY TAYLOR and
ANNE MARIE TAYLOR,

       Defendants and Appellees.

APPEAL FROM:   District Court of the Fifth Judicial District,
                In and For the County of Jefferson, Cause No. DV-2019-110
                Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Kevin E. Vainio, Attorney at Law, Butte, Montana

       For Appellee:

          Caitlin T. Pabst, Pabst Law Firm, Bozeman, Montana

Submitted on Briefs:  August 21, 2024

Decided:  December 10, 2024

Filed:

_____
                Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Gary Taylor (Gary) appeals a series of Fifth Judicial District Court orders against him in a property dispute with his son and daughter-in-law. We affirm the court's orders quieting title and granting possession and reverse and remand its damages award for further analysis as directed.

¶3      Gary owned land in Jefferson County, Montana. His son, George Anthony Taylor (Tony), lives in Nevada with his wife, Anne Marie Taylor (collectively, "the Taylors"). Gary divided the property into two parcels (B-1 and B-2) via family transfer. On May 13, 2013, Gary conveyed B-1 to Tony via quitclaim deed, which was recorded in Jefferson County on May 17, 2013. It appears from the record that Gary lived on the property and still owned B-2.

¶4      Both parties allege different verbal agreements were the basis of the land transfer. Gary alleges that he transferred the property to Tony via quitclaim deed to use the family transfer process to develop a subdivision and that Tony orally agreed he would transfer the land back to Gary once the subdivision was approved. Tony denies any such agreement but alleges that in September 2017 he verbally agreed Gary would perform general property

2

maintenance and install a private roadway in lieu of paying rent. The record shows that Gary sold B-2 and continued living on B-1 and that Tony and the B-2 neighbor signed a one-year easement agreement allowing Gary to access B-1 via B-2. In October 2017, Tony signed a quitclaim deed transferring ownership of the property to himself and his wife (Anne Marie) as joint tenants with rights of survivorship.

¶5 On October 13, 2019, Tony sent a letter to Gary via certified mail that restated in writing their alleged verbal rental agreement and provided that Tony would start charging Gary monthly rent at $2,000 per month beginning January 1, 2020, because he had failed to build the road. The Taylors allege that Gary finished installing the road by early December 2019, although it is unclear from the record who built the road and when it was finished.

¶6 On December 23, 2019, Gary filed an action to quiet title against the Taylors in Jefferson County District Court, claiming he acquired the property through adverse possession and "equitable contract." The Taylors moved to dismiss the claim, stating Gary could not prove he had paid taxes all five years as required to succeed on an adverse possession claim and the statute of frauds precluded a land transfer based on verbal agreement under §§ 28-2-903(1)(d), and 70-20-101, MCA (requiring an agreement to transfer an interest in real property be in writing). In his response, Gary asserted only that there was no statute of frauds issue because a claim for adverse possession falls outside the statute of frauds. He advanced no other argument, except to say that "after discovery he may amend his complaint to include claims of fraud and implied or equitable contract."

3

Because both parties attached documents outside the pleadings to their filings, the District Court converted the motion to dismiss into a motion for summary judgment under M. R. Civ. P. 12(d).

¶7 In his briefing on the converted summary judgment motion, Gary again focused on why adverse possession was not subject to the statute of frauds. On June 18, 2020, the District Court granted the Taylors' motion for summary judgment, thus quieting title in their favor.

¶8 On August 7, 2020, the Taylors filed an eviction action against Gary in Jefferson County Justice Court alleging claims for possession, breach of contract, and unjust enrichment. The complaint was verified and signed by the Taylors and included the October 2019 letter as an exhibit. Gary counterclaimed in the Justice Court action, alleging claims of "equitable contract" under a promissory estoppel theory, unjust enrichment, and quantum meruit. The parties then stipulated to consolidate the cases in District Court. Each side moved for summary judgment. Gary sought partial summary judgment on his "equitable contract and promissory estoppel" claim and on his unjust enrichment claim. The Taylors moved for summary judgment on all of their claims and on Gary's unjust enrichment claim. On January 11, 2022, the court granted the Taylors' possession claim and denied all other summary judgment claims. The Taylors then moved to amend the court's January 11, 2022 order under M. R. Civ. P. 60. They argued that the court erred in denying summary judgment on their breach of contract and unjust enrichment claims

because it overlooked two documents that came from the consolidated justice court record.[1]

Gary opposed. On March 28, 2022, the court granted the Taylors' motion and awarded them summary judgment for breach of contract and unjust enrichment.

¶9 After the court issued the Rule 60 order and two years into litigation, Gary's counsel withdrew. Tony's counsel sent a notice to Gary under § 37-61-405, MCA, and Montana Uniform District Court Rule 10 (MUDCR). On May 18, 2022, the District Court signed a writ of assistance requiring Gary to move off the property. On June 21, 2022, the District Court entered judgment in favor of the Taylors and against Gary for $60,000 in unpaid rent. On July 11, 2022, Gary's current attorney entered a notice of appearance. Gary then filed motions to alter or amend the judgment under M. R. Civ. P. 59(e) and 60(a) and requested the court consider a new statement under penalty of perjury which stated there was no agreement (oral or written) that Gary would pay rent. He also moved to stay the judgment and writ of assistance. The District Court denied these motions. Gary moved to set a scheduling conference on his unresolved claims of equitable contract/promissory estoppel and unjust enrichment. The District Court determined there was an outstanding question whether Gary could succeed on his unjust enrichment claim as a matter of law. On August 28, 2023, the District Court found Gary could not succeed on this claim as a

---

[1] The Taylors titled this motion a Rule 60(b)(6) motion but cited and argued the applicability of Rule 60(a). In their reply, the Taylors acknowledged this typographical error. The parties argued only Rule 60(a)'s applicability in their motions.

matter of law.[2]  The Court entered judgment in favor of the Taylors on the previously decided issues.

¶10    On appeal, Gary raises four issues, which he has re-framed in his argument body into fifteen separate issue headings.  *See* M. R. App. P. 12(1)(b) (encouraging parties to limit the number of issues on appeal to four or fewer).  First, we analyze the resolution of the title and possession issue.  We then analyze the resolution of the damage claims.

¶11    This Court reviews appeals of summary judgment orders de novo, applying the standards in M. R. Civ. P. 56.  *Barrett, Inc. v. City of Red Lodge*, 2020 MT 26, ¶ 6, 398 Mont. 436, 457 P.3d 233.  "[T]he district court should grant summary judgment if 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'"  *Alfson v. Allstate Prop. & Cas. Ins. Co.*, 2013 MT 326, ¶ 9, 372 Mont. 363, 313 P.3d 107 (quoting M. R. Civ. P. 56(c)(2)).  "Conclusive or speculative statements are insufficient to raise a genuine issue of material fact."  *Gen. Ins. Co. of Am. v. Town Pump, Inc.*, 214 Mont. 27, 35, 692 P.2d 427, 431 (1984).  "[M]ere disagreement about the interpretation of a fact or facts does not amount to genuine issues of material fact for summary judgment purposes."  *Gliko v. Permann*, 2006 MT 30, ¶ 25, 130 P.3d 155, 331 Mont. 112.

---

[2] The District Court also held that the Taylors could not succeed on a separate unjust enrichment claim for alleged rent payments that Gary was collecting from another person on the property. That issue is not on appeal, and we do not discuss it.  It is relevant only to clarify that the District Court resolved all outstanding claims in its August 28, 2023 order.

¶12 Gary does not appeal the District Court's ruling on his adverse possession claim, and we do not address it. Gary instead argues that the District Court erred by granting the Taylors summary judgment for possession of the property before resolving his equitable claims to the property.

¶13 The statute of frauds prohibits oral agreements to transfer property, subject to certain exceptions. Sections 28-2-903(1)(d), and 70-20-101, MCA. During the quiet title portion of the action, Gary failed to develop or advance any equitable claim other than to argue that adverse possession was not subject to the statute of frauds. It was only after the District Court quieted title in favor of the Taylors that Gary started to develop a promissory estoppel claim.

¶14 "The policy behind converting a motion to dismiss into a motion for summary judgment when a court considers outside information, is to notify the parties of the additional evidence considered, allow ample opportunity for the parties to prepare information countering the additional evidence, and avoid surprise." *Lozeau v. Geico Indem. Co.*, 2009 MT 136, ¶ 11, 350 Mont. 320, 207 P.3d 316 (citations omitted). Once a court considers matters outside the pleadings on a motion to dismiss under M. R. Civ. P. 12(b)(6), "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent to such motion by Rule 56." *Meagher v. Butte-Silver Bow City-Cnty.*, 2007 MT 129, ¶ 16, 337 Mont. 339, 160 P.3d 552 (citation omitted); *see also* M. R. Civ. P. 12(d).

7

¶15 The District Court properly followed the required procedures under M. R. Civ. P. 12(d). It provided notice to the parties and allowed additional briefing. Gary had the opportunity to develop any number of claims and present evidence as to why his allegations of an oral agreement to reconvey the property was not subject to the statute of frauds. He did not do so.

¶16 "[A]n order on summary judgment is a ruling on the merits which terminates a complainant's district court proceedings with prejudice," while dismissal of a complaint is not a "terminal" ruling and allows the complainant to file his complaint anew as long as it is done within the period of limitations. *Meagher*, ¶ 17. Gary's equitable claims to title of the property were resolved on June 18, 2020, when the District Court granted summary judgment to the Taylors and quieted title in their favor. Our de novo review of the record reveals that Gary did not meet his burden or sufficiently develop his claim at the District Court level. He did not show why, outside his adverse possession claim, the supposed oral agreement for Tony to transfer the property back to him was not precluded by the statute of frauds.

¶17 Gary developed a promissory estoppel argument to contest the Taylors' possession only *after* the District Court quieted title in favor of the Taylors. The District Court distinguished the case law that Gary argued, reasoned it already had held that Gary did not have a claim to title, and concluded that Gary had failed to support the contention that he has any right to possession of the property. The District Court accordingly granted the Taylors' claim for possession. The District Court reasoned that because it already had

quieted title in favor of the Taylors and Gary had not presented any evidence that allowed him to continue possessing the property, the Taylors were entitled to an order for possession. Contrary to Gary's assertion, the District Court did resolve his equitable claims to title or possession of the property, both on June 18, 2020, and on January 11, 2022.

¶18 Gary advances several other claims to possession on appeal that he did not develop before the District Court. We will not address on appeal a theory different from that advanced in the trial court. *Graveyard Creek Ranch, Inc. v. Bell*, 2005 MT 172, ¶ 17, 327 Mont. 491, 116 P.3d 779; *see also Ellenburg v. Chase,* 2004 MT 66, ¶ 18, 320 Mont. 315, 87 P.3d 473 ("This Court has repeatedly held that a party may not change its theory on appeal from the one advanced in the district court."). Gary's arguments for a constructive trust, implied gift presumption, or any other exceptions to the statute of frauds or equitable right to possession therefore fail on appeal. He advanced a claim of adverse possession at the District Court, and belatedly, a claim of promissory estoppel, which the District Court correctly held failed as a matter of law. Gary's repeated arguments about the District Court's failure to address other legal theories incorrectly conflates his burden with that of the judge. If Gary wanted to advance other arguments at the District Court as to why he had an interest to the title in equity, the burden was on him to develop those arguments at the appropriate time. *Flood v. Kalinyaprak*, 2004 MT 15, ¶ 33, 319 Mont. 280, 84 P.3d 27 ("We do not consider arguments a party failed to preserve because it is unfair to fault the trial court on an issue it was never given an opportunity to consider.").

9

Gary was not deprived of his right to prove something that he failed to allege or support in the first place.[3]

¶19 Gary also argues (without citation to case law or supporting authority) that the premature possession judgment improperly narrowed the scope of his equitable claims. He maintains that the District Court's order granting possession to the Taylors was procedurally improper because the writ of assistance was entered before judgment. M. R. Civ. P. 70(d) states that "[o]n application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance." The District Court had resolved all of Gary's claims to title or possession of the property by the time it issued the writ of assistance on May 18, 2022. Gary has not developed this argument or carried his burden to establish error by the District Court. *McCulley v. Am. Land Title Co.*, 2013 MT 89, ¶ 20, 369 Mont. 433, 300 P.3d 679 ("[W]e are not obligated to develop arguments on behalf of parties to an appeal, nor are we to guess a party's precise position, or develop legal analysis that may lend support to his position.").

¶20 Gary argues that the District Court erroneously issued a writ of assistance within the mandatory 21-day stay of proceedings required by MUDCR 10. Gary asserts that he was evicted "before his equitable rights to the property were fully adjudicated," and summary judgment in favor of Tony for possession of the property must be reversed. We have held

---

[3] The case on which Gary relies to support these arguments is not on point. In *Campanello v. Mercer*, this Court held that a constructive trust resulted when the plaintiff and occupier of the property had given the defendant the money to purchase the property. *Campanello v. Mercer*, 124 Mont. 528, 531, 227 P.2d 312, 313-14 (1951). Unlike in *Campanello*, Gary did not advance any money to Tony to purchase the property. Gary signed over the property to Tony via quitclaim deed.

that when an attorney does not comply with the notice requirements, the proceedings in the case are tolled until notice requirements are met. *See Quantum Elec., Inc. v. Schaeffer*, 2003 MT 29, ¶ 21, 314 Mont. 193, 64 P.3d 1026. The Taylors' attorney complied with the notice requirements. Any rights Gary had to the property were fully adjudicated when he was represented by his first counsel. Gary is incorrect that he was evicted before his equitable rights to the property were fully adjudicated. Because Gary has not established any right to title or to possession of the property, we will not disturb the District Court's writ of assistance.

¶21 Having held that the District Court properly quieted title in favor of the Taylors and did not err in its handling of Gary's equitable claims to title or possession, we now turn to the competing unjust enrichment claims. Gary alleges that, if he does not have title to the property, then the Taylors were unjustly enriched by Gary's tax payments and improvements to the property. The Taylors argue that Gary breached the contract to install a road within a year and was unjustly enriched by his failure to pay rent.

¶22 Gary first argues that the District Court erred by using M. R. Civ. P. 60 to grant the Taylors summary judgment on their breach of contract and unjust enrichment theory. Because we reverse and remand the District Court's order for unpaid rent on other grounds, we do not address this argument.

¶23 Gary next argues the District Court erred by not allowing him to present additional evidence when it denied his motions under M. R. Civ. P. 59(e) and 60(a). We review a

trial court's ruling on Rule 59(e) and Rule 60(a) motions for abuse of discretion. *In re Marriage of Schoenthal*, 2005 MT 24, ¶ 9, 326 Mont. 15, 106 P.2d 1162.

¶24 A motion to alter or amend "cannot be used to raise arguments which could, and should, have been made before judgment issued [or] routinely give litigants a second bite at the apple." *Lee v. USAA Cas. Ins. Co.*, 2001 MT 59, ¶ 76, 304 Mont. 356, 22 P.3d 631. The October 2019 letter was attached as an exhibit in the District Court documents and was authenticated in the Justice Court file. Gary's attorney during the summary judgment proceedings in the District Court was the same attorney in Justice Court who responded to the complaint with the authenticated documents. The District Court correctly reasoned that the information on which Gary now relies was relevant prior to its first ruling, Gary was aware of that information at the time, and his request is more akin to asking for a second chance after seeing the court's thoughts. The District Court did not abuse its discretion in denying his motions to present additional evidence.

¶25 Gary last argues that the District Court erred when it granted summary judgment on the Taylors' claims for their contract and unjust enrichment for unpaid rent and concluded as a matter of law that Gary could not recover for improvements made on the property.

¶26 The Taylors advanced a breach of contract claim based on an oral agreement to build the road and a separate claim of unjust enrichment for failure to pay rent. Though it initially denied summary judgment on these claims, the District Court's March 28, 2022 order found that the October 2019 letter supported the existence of a contract and thus "the terms of the contract are also deemed valid." The court granted summary judgment to the

12

Taylors on both their breach of oral contract and unjust enrichment claims. The court rejected Gary's argument that the Taylors failed to establish terms of the rental agreement or damages for unjust enrichment for failure to pay rent. When the Taylors requested entry of judgment in the amount of $60,000, they relied on the terms of the October 2019 letter, claiming that Gary had missed thirty rent payments as of June 2022 at $2,000 per month. Accepting this calculation, and without further explanation, the District Court entered judgment against Gary "in the amount of $60,000 for unpaid rent[,]" plus additional amounts for fees and costs.

¶27 Recovery under a theory of unjust enrichment is only available absent a legal contract. *Missoula Cnty. v. State*, 2024 MT 98, ¶ 31, 416 Mont. 340, 547 P.3d 1268; *see also Mont. Dig. LLC v. Trinity Lutheran Church*, 2020 MT 250, ¶ 11, 401 Mont. 482, 473 P.3d 1009). "This is because a 'valid contract defines the obligation of the parties as to matters within its scope, displacing any inquiry into unjust enrichment.'" *Missoula Cnty.*, ¶ 31 (quoting *Ass'd Mgmt. Servs. v. Ruff*, 2018 MT 182, ¶ 67, 392 Mont. 139, 424 P.3d 571). Unjust enrichment thus would apply in this situation "only when a party renders a valuable performance or confers a benefit upon another under a contract that is invalid, voidable, or otherwise ineffective to regulate the parties' obligations." *Missoula Cnty.*, ¶ 31 (citations and internal quotations omitted).

¶28 "To prevail on a claim of unjust enrichment, the aggrieved party must establish that (1) a benefit was conferred upon the recipient by the claimant; (2) the recipient knew about

or appreciated the benefit; and (3) the recipient accepted or retained the benefit under circumstances rendering it inequitable for the recipient to do so." *Missoula Cnty.*, ¶ 31.

¶29 The Taylors allege the parties had a verbal agreement for construction of the road in lieu of rent. The October 2019 letter on which they rely, however, does not define the duration of the alleged agreement. The assessment for thirty months' rent presents its own statute of frauds problem. *See* 28-2-903(1)(d), MCA (an agreement for a leasing period longer than one year is invalid if not in writing and subscribed by the party to be charged).[4] If the damages were because of Gary's failure to build a road in lieu of rent, then it is additionally unclear why Gary was charged $60,000 for unpaid rent when, allegedly, the road has been completed.[5] It is possible, but not explained in the record or in the Taylors' briefing on appeal, that the court based its damage award on twelve months of missed contractual rental payments per the oral agreement and eighteen months in the same amount for unjust enrichment. But the court did not articulate the basis for its award and made no findings to support the amount of any unjust enrichment.

¶30 Regarding Gary's competing claim, the District Court reasoned that Gary could not recover damages because under § 70-28-110, MCA, he could not show color of title and improvements made in good faith. Gary accurately argued before the District Court,

---

[4] The Taylors argue this oral agreement is not subject to the statute of frauds because the road was supposed to be constructed within a year, but then do not explain why the finding for 30 months of unpaid rent is not subject to the statute of frauds prohibitions, thus highlighting the confusion as to what the terms of the alleged contract were.

[5] The Taylors also advance a landlord-tenant theory to recover damages. We have considered these arguments and conclude that the provisions of Title 70, Chapter 24, MCA (the residential Landlord and Tenant Act of 1977) do not apply here.

14

however, that our holding in *Pritchard Petroleum Co.* may allow him to recover some of the money spent making improvements on the land. *Pritchard Petroleum Co. v. Farmers Coop. Oil & Supply Co.*, 121 Mont. 1, 190 P.2d 55 (1948). *Pritchard* held that "a good faith trespasser who placed permanent improvements on the land may counterclaim in equity for damages setoff to 'recoup the value of the improvements' to the extent they 'enhanced the value of the land' regardless of limitations of § 70-28-110, MCA." *Davis v. Westphal*, 2017 MT 276, ¶ 18, 389 Mont. 251, 405 P.3d 73 (citing *Pritchard*, 121 Mont. at 15-16, 190 P.2d at 62-63).[6] If Gary does owe damages for wrongfully occupying the land without an agreement of rent payment, he may recover a setoff if he can prove that, as a good faith trespasser, he made the improvements and that the improvements enhanced the value, not to exceed the damages amount assessed for wrongful occupancy of the property. *Pritchard*, 121 Mont. at 15-16, 190 P.2d at 62-63.

¶31   We affirm the District Court's order quieting title in favor of the Taylors and granting them possession. We reverse and remand for the District Court to make additional findings and conclusions regarding the terms of the alleged contract and the proper damages for its breach. If the District Court determines that the Taylors cannot recover the amount of their claimed damages under a contract theory, it must make findings on the elements of unjust enrichment. Gary may offset any damages assessed if he can prove the required elements under *Pritchard*. We reverse only for the District Court to consider the

---

[6] *Pritchard* interpreted a statutory remedy allowing recovery for wrongful occupancy under what is now codified as § 27-1-318, MCA. *See Martin v. Randono*, 191 Mont. 266, 623 P.2d 959 (1981). The Taylors did not advance an argument under that statute, and we do not address it.

15

evidence and arguments already presented or to take additional evidence as the District Court deems necessary, and to develop its findings and conclusions.

¶32 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

/S/ BETH BAKER

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE